UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-106-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES TYLER CUNDIFF, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant James Tyler Cundiff was sentenced to a 33-months' incarceration after pleading guilty to one count of conspiring to distribute oxycodone. [Record No. 116] He has now filed a motion seeking compassionate release under Title 18 of the United State Code § 3582(c)(1)(A)(i). [Record No. 237] The motion will be denied because Cundiff's circumstances do not warrant relief.

Section 3582(c)(1)(A) allows a defendant to file a motion to reduce his sentence and specifies conditions upon which a Court may grant relief. One condition is "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Cundiff relies on this provision and argues that two reasons justify relief. He seeks "home confinement due to the extraordinary circumstances related to the COVID-19, and also the sudden change in [his] mother's health, who is suffering from stage 4 cancer." [Record No. 237, p. 1]

To determine whether "extraordinary and compelling reasons warrant" a sentence reduction, the Court first looks to the policy statements promulgated by the United States Sentencing Commission. *See* 18 U.S.C. § 944(t) (directing the Commission to promulgate

policy statements for the modification provisions of § 3582(c)(1)(A)(i)). The application notes to the United States Sentencing Guidelines Manual, section 1B1.13, set forth four categories of extraordinary and compelling reasons that may justify a sentence reduction: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons . . . [a]s determined by the Director of the Bureau of Prisons," where "there exists in the defendant's case an extraordinary reason other than, or in combination with, the reasons described" therein. U.S.S.G. § 1B1.13 n. 1.

The policy statements provide detailed criteria for finding that "medical condition of the defendant" justify a reduction, such as where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A). Similarly, "family circumstances" are defined to include:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1 (C).

Cundiff has not shown that any of these conditions are present. While Cundiff acknowledges that he has no serious medical issues, he nevertheless contends that he is "at risk

of contracting" COVID-19.  [Record No. 237, p. 3]  The policy statements define extraordinary circumstances by referencing specific current medical conditions of the defendant.  Cundiff does not allege that he is currently suffering from any illness, certainly not one that impairs his ability to care for himself in the prison environment.  For the same reason, a generalized fear of contracting COVID-19 does not justify relief.  *See United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission").

Cundiff also requests that this Court find that the COVID-19 pandemic is  "[an]other reason[]" that entitles him to relief.  [Record No. 237, p. 2]  Section 1B1.13 n. 1 allows the Bureau of Prisons to determine when other reasons constitute grounds for relief. This Court has declined to "consider defendants' stated 'other' extraordinary and compelling reasons for compassionate release," and Cundiff does not argue that the Court should reconsider its position.  *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *3 (E.D. Ky. Mar. 27, 2020); *United States v. Washington*, No. 5: 13-020-DCR, 2019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019).

Finally, although the Court is sympathetic to Cundiff's arguments about his mother's medical condition, it is not a family circumstance that entitles him to relief.  The policy statements focus on family circumstances that would leave either a dependent spouse or child without care.  Even if Cundiff's mother fell into this category, he has not alleged that he is the only available caregiver during her battle with cancer.

Accordingly, it is hereby

**ORDERED** that Defendant James Tyler Cundiff's motion for compassionate release [Record No. 237] is **DENIED**.

Dated: August 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky